UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| **MARY GREEN** | : | **DOCKET NO. 6:22-CV-03408** |
| **VERSUS** | : | **JUDGE JAMES D CAIN, JR** |
| **STATE FARM FIRE & CASUALTY CO ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

This suit was filed on plaintiff's behalf by the firm McClenny Moseley & Associates, PLLC ("MMA"). Doc. 1. This was one of multiple cases filed by MMA on behalf of multiple plaintiffs leading to this court's taking steps to address what was perceived (and ultimately concluded) to be inappropriate conduct by MMA attorneys.[1]

Plaintiff became a *pro se* litigant by operation of an order of this court styled "Order Terminating Former MMA Counsel from Proceedings, Designating Plaintiff a *Pro Se* Litigant, and Other Matters" (the "Termination Order"). Doc. 15. The Termination Order set an August 9, 2023, status conference that plaintiff was ordered to attend in person. The Termination Order additionally cautioned plaintiff that

> ***Should plaintiff fail to appear for this conference without having retained new counsel or without having sought to dismiss this suit by use of the attachment or otherwise, that failure to appear may result in adverse consequences such as a recommendation by the undersigned to the district court that the case be dismissed for failure of plaintiff to prosecute or abide by court orders.***

*Id.* (emphasis original). Plaintiff did not appear as ordered. Doc. 22.

---

[1] For a brief synopsis of the multiple cases filed in this district by MMA and the difficulties caused thereby, see Doc. 15, pp. 1–2.

- 1 -

The clerk of court mailed the Termination Order to plaintiff at two addresses. The first address was provided by MMA pursuant to the district court's February 28, 2023, order that it provide "[a] spreadsheet or similar electronic report with each client's name, docket number, and all contact information in MMA's possession for that client (including: email, telephone number, and address) . . . ." Doc. 8. The mail sent to the first address was returned as undeliverable, marked "Return to Sender, No Such Number, Unable to Forward." Doc. 21. The second address was provided by defendant per the Notice of Additional Current Contact Information. Doc. 16. Mail sent to the second address has not been returned.

After plaintiff failed to appear for the status conference on August 9, 2023, we issued an order that MMA produce to the court

> 1. A detailed printout of all activity on this file since inception of the relationship between the Mary Green associated with this case[2] and MMA including, but not limited to, any information entered into or recorded by the Smart Advocate or other software application used by MMA for case management, formatted to make visible the entirety of any descriptive text associated with a given event, and
>
> 2. Any other information in MMA's possession suggestive of a valid mailing address for the Mary Green associated with this case.

Doc. 23. A review of the produced information gives no additional insight as to current mailing address of plaintiff Mary Green. Doc. 24. There are indications that the contact information associated with this file belonged to someone other than Mary Green. *Id.* at 24.

Short of appointing ourselves investigators to continue to pursue the existence of this plaintiff or her relationship to the property listed or both, something we decline to do, we feel we have done all in our power to notify "Mary Green" of these proceedings. We believe we have

---

[2] The court notes that MMA's filings indicate another former client by the same name.

taken every reasonable step to contact the plaintiff and determine whether there is a viable claim associated with plaintiff or the property referenced in the complaint.

Rule 1 of the Federal Rules of Civil Procedure, defining the scope and purpose of the rules governing procedure in civil actions and proceedings, instructs us to construe, administer, and employ the rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Rule 41(b) of the Federal Rules of Civil Procedure "allows the district court to dismiss an action upon the motion of a defendant, or upon its own motion, for failure to prosecute." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *see also Campbell v. Wilkinson*, 988 F.3d 798, 801 (5th Cir. 2021) (discussing *Berry*). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R. R. Co.*, 82 S. Ct. 1386, 1388 (1962).

For these reasons, we **RECOMMEND** to the district court that this matter be **DISMISSED WITHOUT PREJUDICE** for plaintiff's failure to prosecute and abide by the orders of the court, and that the judgment provide that this civil action may be reinstated within 30 days for good cause shown, per W.D. La. Loc. Civ. R. 41.3, with any such showing to be made in writing and filed into the record of this matter.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved

party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n.*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 30th day of October, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE